## In the Court of Common Pleas of Schuylkill County.

### McCULLOUGH & CO. v. THORNTON.

When an inquisition has been held, and the defendant's land condemned, a judgment creditor, who has levied upon the same land under a *Fi. Fa.*, may issue his *Ven. Exp.*, and sell without another inquisition.

Rule to Show Cause why the Execution should not be set aside.

Opinion delivered 30 Nov., 1874, by

WALKER, J. A rule to set aside this is asked on the ground that no inquisition was held in the present case. The Sheriff's return shows that the defendant's real estate was levied on and condemned, as per inquisition annexed to *Fi. Fa.*, No. 104, June Term, 1874, and this is a matter *in pais.* (18 P. F. S., 9.)

Under the 44th section of the act of 16 June, 1836, relative to executions, (Pur. Dig. 646, Pl. 55), the sale of real estate, as a general rule of law, without inquisition, or waiver of inquisition, is wholly unauthorized and such sale is void. Gardner v. Sisk, 4 P. F. S., 506; St. Bartholomew's Church v. Wood, 11 P. F. S., 96.

But when an inquisition has been held and land condemned on other executions, a judgment creditor who has levied upon the same land under a *Fi. Fa.* may issue his *Ven. Ex.*, and sell the land without holding another inquisition. There is no occasion to go to the expense of several executions. McCormick v. Meason, 1 S. & R., 98-100, per Tilghman, C. J., and Yeates and Breckenridge, J. J., 1 Troubat and Haly, Prac. p, 992; Wray v. Miller, 8. H., 115, per Woodward, J.

The rule is therefore discharged.